**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Chinelle Monique Ballard <u>Debtor(s)</u> | CHAPTER 13 |
| MIDFIRST BANK <u>Moving Party</u> vs. | NO. 23-13491 AMC |
| Chinelle Monique Ballard <u>Debtor(s)</u> | |
| Kenneth E. West <u>Trustee</u> | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Debtor is current on post-petition payments on the mortgage held by Movant on Debtor's residence located at 6414 Callowhill Street, Philadelphia, PA 19151.

2. Debtor shall maintain monthly mortgage payments to Movant beginning with the payment due November 1, 2024, and continuing thereafter.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this Stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.    The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8.    The parties agree that a facsimile signature shall be considered an original signature.

Date: October 18, 2024                        By: /s/ Denise Carlon
                                              Denise Carlon, Esq.
                                              Attorney for Movant

Date: October 21, 2024                        /s/ Michael A. Cibik
                                              Michael A. Cibik, Esq.
                                              Attorney for Debtor

                                              No Objection

Date: October 22, 2024                        /s/ LeeAne O. Huggins
                                              Kenneth E. West
                                              Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2024. However, the Court retains discretion regarding entry of any further order.

                                              Chief Bankruptcy Judge
                                              Ashely M. Chan